UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESA HENDRIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-0987-JAR |
| vs. | ) |
| | ) |
| PETCO ANIMAL SUPPLIES STORES, INC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Petco's motion to dismiss co-defendant Rachel Krakos and Plaintiff's countermotion to remand this personal injury case to state court. Petco's motion will be denied, and the case will be remanded pursuant to 28 U.S.C. § 1447(e).

## BACKGROUND

Plaintiff Lesa Hendrix filed this case in state court in August 2022 after she fell and sustained injuries on Defendant Petco's premises. Petco timely removed the case, invoking the Court's diversity jurisdiction.[1] 28 U.S.C. § 1332(a). After initial disclosures were exchanged, Defendant Krakos was identified as the Petco manager on duty at the time of the accident. Plaintiff then timely moved for leave to amend her complaint to add Krakos as a named defendant, with Petco's consent. (Doc. 13). Although the amended complaint attached to the motion identified Krakos as a Missouri resident, the motion itself did not specifically signal this fact or its implication on the Court's diversity jurisdiction. The Court granted the motion but overlooked the effect on its jurisdiction. (Doc. 14).

---

[1] Plaintiff's medical damages far exceed the jurisdictional amount in controversy.

1

A month later, Petco filed the present motion asking the Court to dismiss Krakos from the case or reconsider and reverse its previous order granting Plaintiff's motion for leave to amend. In support of the motion, Petco asserts that, because Plaintiff failed to inform the Court that Krakos's joinder would strip the Court of jurisdiction, the Court should exercise its discretion to reverse its earlier order and dismiss Krakos from the case. Petco further argues that Krakos is not a necessary or indispensable party under Rule 19, Fed. R. Civ. P., and that she was fraudulently joined because there is no basis for her personal liability outside her scope of employment.

In response, Plaintiff submits that dismissal of Krakos is unwarranted because the timing of Plaintiff's amendment belies any bad faith, and Petco was aware of Krakos's citizenship when it consented to Plaintiff's motion to amend. Plaintiff also argues that Krakos is indeed a necessary and indispensable party insofar as Petco denies control of the premises for purposes of vicarious liability.

## DISCUSSION

**Legal Standards**

If, after removal, a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder *or* permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). When a trial court grants a motion to amend the complaint to name additional defendants and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity, the trial court has discretion to reconsider its earlier decision. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009). When faced with an amended pleading naming a new non-diverse defendant in a removed case, the court should scrutinize the amendment more closely, considering the extent to which joinder is

2

sought to defeat jurisdiction, whether the plaintiff has been dilatory in asking for the amendment, and whether the plaintiff would be prejudiced if the amendment is denied. *Id.*

While joinder is required when the new party is necessary and indispensable to a full resolution of the case, Fed. R. Civ. P. 19, it is well settled that tortfeasors with joint and several liability are merely permissible parties. *Id.* at 308. Joinder is not fraudulent where there is a reasonable basis to predict that state law might impose liability. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). The question turns on the existence of a colorable claim and not the artfulness of the pleadings. *Id.* All doubts about federal jurisdiction should be resolved in favor of remand. *Id.*

**Analysis**

The Court has considered the arguments advanced in Petco's briefs and declines to reverse its ruling permitting Plaintiff to join Krakos as a defendant. Petco's reliance on *Ramos v. Farmers Ins. (NWL)*, 586 F. Supp. 3d 968 (D. Neb. 2022), is not persuasive. There, the plaintiff was aware of the unnamed defendant prior to removal and even attempted to serve him. *Id.* at 970. Here, the record shows that Plaintiff sought to join Krakos promptly after initial disclosures revealed her identity. Petco was aware of Krakos's citizenship and consented to Plaintiff's motion to amend. While Plaintiff should have signaled Krakos's citizenship more clearly and moved to remand the case, the Court finds no basis to infer bad faith or a dilatory motive in Plaintiff's failure to do so.

Further, even if Krakos is not a necessary and indispensable party (*Bailey*, 563 F.3d at 308), Plaintiff states a colorable claim against her sufficient to withstand scrutiny for fraudulent joinder. *See e.g., Petrovic v. BP Corp. N. Am. Inc.*, 4:18-00799-CV-RK, 2019 WL 630299, at *3

(W.D. Mo. Feb. 14, 2019) (finding no fraudulent joinder of a non-diverse employee responsible for facility operations and maintenance).

On the present record, the Court sees no reason to reverse its earlier order and retain jurisdiction over Plaintiff's state law negligence claims. The case will be remanded to state court pursuant to 28 U.S.C. 1447(e).

Accordingly, and for good cause shown,

**IT IS HEREBY ORDERED** that Defendant Petco's motion to dismiss Rachel Krakos as a defendant, or alternatively to reconsider the Court's previous order granting Plaintiff's motion for leave to amend, is **DENIED**. (Doc. 17).

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand is **GRANTED**, and the case is remanded to the Circuit Court of St. Louis County. (Doc. 20).

Dated this 11th day of May 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE